UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JUSTIN A. COLE,

    Plaintiff,

v.

CHAD UTT,

    Defendant.

No. 2:13-cv-2047-EFB P

ORDER

Plaintiff is a former county inmate proceeding without counsel in an action brought under 42 U.S.C. § 1983.[1]  In addition to filing a complaint, plaintiff seeks leave to proceed in forma pauperis.  Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).  However, for the reasons stated herein, the complaint must be dimissed.

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b).

---

[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent.  *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

1

1     A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).  While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. at 1949.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

The court has reviewed plaintiff's complaint pursuant to § 1915A and finds that it must be dismissed as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) and for failure to state a claim. According to the allegations in the complaint (ECF No. 1), plaintiff's parole officer and defendant in this action, began contacting plaintiff's fiancé daily, and "manipulated" her into "setting plaintiff up" to send plaintiff to jail.  Plaintiff claims that defendant wanted plaintiff to be in jail so that he could continue to contact plaintiff's fiancé "in a more personal-sexual" manner. Plaintiff claims that his fiancé broke off the relationship after he went to jail, and subsequently married the defendant.  Plaintiff does not identify any claim for relief but alleges that defendant

acted "wantonly, maliciously, and willfully." He seeks $500,000 in damages and an order discharging him from parole supervision.

As a general rule, a challenge in federal court to the fact of conviction or the length of confinement must be raised in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973). Here, plaintiff's action sounds in habeas because he is challenging his parole term. *Thornton v. Brown*, 724 F.3d 1255, 1260-1261 (9th Cir. 2013) ("A state parolee is 'in custody' for purposes of the federal habeas statute, and may challenge parole conditions imposed by a state correctional department through a habeas petition under 28 U.S.C. § 2241") (internal citations omitted).

Where success in a section 1983 action would implicitly question the validity of a conviction, the plaintiff must first show that the underlying conviction was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or questioned by the grant of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Muhammad v. Close*, 540 U.S. 749, 751 (2004). It is implicit from plaintiff's allegations that his current parole sentence has not been overturned or otherwise invalidated. A state parolee may challenge a condition of his parole under § 1983 if his claim, if successful, would neither result in speedier release from parole nor imply, either directly or indirectly, the invalidity of the criminal judgments underlying that parole term. *Thornton*, 724 F.3d at 1264. Here, plaintiff is not challenging a discrete condition of his parole; rather, he seeks to be discharged from parole entirely. Plaintiff is barred from so collaterally challenging his term of parole in this civil rights action.

Moreover, plaintiff fails to plead facts sufficient to state a cognizable claim for relief. In order to state a claim under § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation.

3

*See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).  Plaintiff has not identified any violation of a federal constitutional or statutory right, nor has he pled facts that would demonstrate such a violation.

For these reasons, the complaint must be dismissed without leave to amend.  *See Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009); *Silva v. Di Vittorio*, 658 F.3d 1090, 1105 (9th Cir. 2011) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (internal quotation marks omitted)); *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.").

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis is granted.
2. The complaint is dismissed without leave to amend, and the Clerk of the Court shall close this case.

Dated:  November 25, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE